[Civ. No. 8594. First Appellate District, Division One.—January 28, 1933.]

ZENAS THOMAS ATWOOD, Appellant, v. T. J. SHEA et al., Respondents.

A. M. More and E. B. Mering for Appellant.

Vincent Hallinan and C. K. Bonestell for Respondents.

KNIGHT, J.—Appellant agreed to exchange a lot belonging to him for an automobile belonging to respondent, and after the deed to the lot had been executed and delivered to respondent, sought by this action to rescind the transaction upon the ground of fraud, it being claimed that respondent represented the automobile (a Buick) to be a 1926 model with standard gear shift, whereas it was a 1924 model and without a standard shift; also that he was inveigled into signing the exchange agreement and the deed upon the representation that the purpose of the documents was merely to allow respondent to search the title to the lot, and that he signed the documents without reading them. The trial court found against appellant on all of the foregoing issues and entered judgment accordingly in favor of respondent, from which this appeal is taken, it being contended that the evidence is insufficient to sustain the findings and that the findings do not support the judgment.

We find no merit in any of the foregoing points. The findings are based on conflicting evidence and there is ample testimony to sustain them. It appears therefrom that appellant, accompanied by one Skellenger, called at respondent's office and stated that he wanted to trade a lot for an automobile; that he needed a car but was unable to buy one because he could not sell his lot. Respondent showed them a 1925 Buick sedan, which they examined and Skellenger told appellant it was a good car. About a week later appellant again called to examine the car. At that time he was accompanied by two friends. They examined the car and told appellant it was in good shape. Respondent then informed appellant that he would not make any deal until he had seen the lot, and on the following day the parties drove out to the lot in the car, which was driven by a friend of appellant's named Rovelli, who also told appellant that the car was in good shape. According to respondent's testimony appellant wanted to close the trade at that time. However, the parties met again a day or two afterward at the office of a Mr. Azarello, who drew the exchange agreement and the deed, which appellant signed. A

few days later, after Azarello had received a report on the title to the lot, he delivered the deed to respondent; whereupon respondent forwarded to appellant the ownership slip for the automobile and requested him to take the automobile away. Instead of doing so appellant served notice of rescission. Furthermore respondent expressly denied having told appellant that the car was a 1926 model. In this regard he stated that while driving to the lot Rovelli asked him whether the car was a 1925 or 1926 model, and he replied it was a 1925. Azarello denied also having misrepresented anything concerning the nature of documents signed by appellant, stating in substance that appellant knew what he was signing. As indicated, the foregoing evidence is legally sufficient to sustain the trial court's finding on the issues of fraud.

We have also carefully analyzed the findings and they show no material conflict or inconsistency, the court having found generally "that there was no fraud or misrepresentation on the part of the defendants", etc. The objections appellant makes in this regard are, in our opinion, purely technical. Appellant calls attention to certain evidence tending to show that there was much difference in value between the lot and the automobile. While this fact, if it be such, may be considered as a circumstance in determining the question of fraud, it is in itself legally insufficient to establish fraud, particularly in view of the general finding to the contrary.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.